IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIFFANY SODANO,

        Plaintiff,                No. 2:12-cv-00425 GEB KJN PS

    v.

CHASE MANHATTAN BANK USA,
NA (previously known as Bank One
Card Services),

        Defendant.             ORDER and FINDINGS AND RECOMMENDATIONS

_____/

        On February 17, 2012, plaintiff, who is proceeding without counsel, filed a document entitled Notice of Removal of Civil Action From State Court ("Notice of Removal").[1] Presently before the court is plaintiff's application to proceed in forma pauperis (Dkt. No. 2). For the reasons stated below, the undersigned grants plaintiff's application to proceed in forma pauperis, but recommends that this action be remanded to the Superior Court of California for the County of Riverside ("Superior Court"). Although there are numerous deficiencies in plaintiff's removal of this case to federal court, a *plaintiff* may not remove an action to federal court. See 28 U.S.C. § 1441(a).

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1   Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.
2 § 1915.  Plaintiff's application and declaration make the showing required by 28 U.S.C.
3 §§ 1915(a)(1) and 1915(2).  Accordingly, the undersigned grants plaintiff's request to proceed in
4 forma pauperis.

5   The determination that a plaintiff may proceed in forma pauperis does not
6 complete the inquiry.  The court is also required to screen complaints brought by parties
7 proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d
8 1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to
9 dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the
10 allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a
11 claim on which relief may be granted, or the action seeks monetary relief against an immune
12 defendant.

13   Relevant here, plaintiff asserts that she filed the underlying, removed action in the
14 Superior Court on January 6, 2012.[2]  (Notice of Removal ¶ 13.)  On February 17, 2012, plaintiff
15 filed the Notice of Removal of her Superior Court case to this court.

16   The undersigned recommends that plaintiff's case be remanded to the Superior
17 Court because a plaintiff may not remove an action to federal court.  As provided in 28 U.S.C.
18 § 1441(a), civil actions over which the court has jurisdiction "may be removed by the defendant
19 or defendants."  Accord 28 U.S.C. § 1446(a) (listing the documents that a "defendant or
20 defendants desiring to remove any civil action" to federal court must file to effectuate the
21 removal); see also Am. Int'l Underwriters (Philippines), Inc. v. Continental Ins. Co., 843 F.2d
22 1253, 1260 (9th Cir. 1988) ("The right to remove a state court case to federal court is clearly
23 limited to defendants."); accord Sharp v. Bick, 403 Fed. Appx. 204 (9th Cir. 2010).  Plaintiff
24 simply was not entitled to remove the underlying action to federal court, and this matter should

---

[2] The present case arises out of an action that plaintiff filed against defendant's predecessor in interest in the Superior Court in 2005.  (See Notice of Removal ¶ 1.)

be remanded to the Superior Court. See 28 U.S.C. § 1447(c).

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is granted.

It is FURTHER RECOMMENDED that:

1. This case be remanded to the Superior Court of California for the County of Riverside; and

2. The Clerk of Court be directed to close this case and vacate all dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

DATED: March 6, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE